IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAKE WAYNE BRUNSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officers BEASLEY, LEWIS, and MICHELLE, & Head Nurse MARIE LAW, | : | NO. 7:08-CV-132 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **JAKE WAYNE BRUNSON**, currently confined at Dodge State Prison, brought this 42 U.S.C. § 1983 action arising out of his incarceration at the Colquitt County Jail. In compliance with this Court's November 7, 2008 order, plaintiff has supplemented his complaint.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

1

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## *II. BACKGROUND*

As noted in this Court's November 7th order, the only defendant named in plaintiff's complaint, the Colquitt County Jail, is not a proper defendant. In response to this Court's directing plaintiff to name specific individual defendants, plaintiff named Officers Beasley, Lewis, and Michelle, and Head Nurse Marie Law. These individual defendants are hereby substituted for the Colquitt County Jail. The caption of the complaint is amended accordingly.

Plaintiff alleges that he was confined in isolation for six weeks at the Colquitt County Jail. According to plaintiff, he was denied an opportunity to take a shower throughout this time, which resulted in his contracting a "fungus virus (ringworm)." Plaintiff names Officer Beasley as the responsible defendant for denying plaintiff's requests for a shower. Plaintiff further alleges that he

was improperly treated for this condition. Specifically, plaintiff claims Nurse Marie Law discontinued plaintiff's anti-fungal medication after plaintiff suffered an allergic reaction to it, which allowed his "condition" to worsen.

Plaintiff also claims that Head Nurse Marie Law refused him any treatment for a cold, telling him he would have to purchase cold medication from the store, which plaintiff could not afford.

Lastly, plaintiff alleges that for approximately three weeks, the sink in his isolation cell was broken. As a result, plaintiff had no drinking water, other than "the cups from chow 3 a day." Plaintiff allegedly complained about the broken sink to Officers Lewis, and Michelle, but to no avail. Plaintiff further complains that Officer Lewis refused him drinking water when he requested it. He alleges that he was dehydrated and delusional as a result of this three week deprivation and at one point passed out.

Plaintiff files this action seeking monetary damages.

### III. WRIT OF MANDAMUS

As an initial matter, plaintiff has filed what he termed a writ of mandamus, which has been docketed as a motion for writ of mandamus (Tab # 4). In this filing, however, plaintiff merely repeats certain allegations of his complaint, without requesting mandamus relief. Because this filing adds nothing to plaintiff's original and supplemented complaints, the motion is **DENIED**.

### IV. DISCUSSION

#### A. *Head Nurse Marie Law*

Deliberate indifference to serious medical needs by prison personnel may constitute an

Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir.1991).  To prove he was denied medical treatment in violation of the Eighth Amendment, plaintiff must show (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.  ***Taylor v. Adams***, 221 F.3d 1254, 1258 (11th Cir. 2000); ***Campbell v. Sikes***, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).

A cold is not a serious medical need.  ***See Gibson v. McEvers***, 631 F.2d 95 (7th Cir.1980) (a common cold is not a serious medical need)); ***Griffin v. DeRobertis***, 557 F. Supp. 302, 306 (N.D. Ill. 1983) (aches and sore throat not serious).

It is unclear, however, whether a fungal infection is a serious medical need, especially in this case, where plaintiff has not elaborated on the nature or extent of his infection.  ***Compare Cox v. Hartshorn***, 503 F.Supp.2d 1078, 1086 (D. Ill. 2007) ("[F]ungal foot rash is not so serious that it is life threatening or poses a risk of needless pain or lingering disability."); ***and Sanders v. Allen County Jail***, No. 06-CV-302 (RL), 2006 WL 2578977, at *2 (N.D. Ind. Sept. 6, 2006) (holding that a dirty, moldy shower which resulted in plaintiff contracting Athlete's foot was not a serious medical condition); ***with Fox v. Brown***, No. 05-CV-1292 (LEK/GJD), 2007 WL 586724, at *8 (N.D.N.Y.

Feb. 21, 2007) ("This court is not prepared to state that skin rash could not be a serious medical need under any circumstances.").

Construing the complaint most favorably to plaintiff and assuming plaintiff's fungal infection amounts to a serious medical need, plaintiff's filings nevertheless reveal his being evaluated and treated by Nurse Marie Law. Nurse Law provided plaintiff with medical care. The fungal cream was discontinued after plaintiff suffered an allergic reaction to it. Plaintiff does not allege that he was denied medical care, but merely objects to the quality of that care. At most, plaintiff's allegations may support malpractice claims actionable under state law, but not Eighth Amendment violations.

It is inappropriate for this Court to substitute its judgment for that of the various medical personnel who have actually treated plaintiff. *See e.g.,Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (*citing Westlake v. Lucas*, 537 F.2d 857, 860n.5 (1st Cir. 1981)) ("Where a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law."). Moreover, plaintiff has not alleged any significant injuries as a result of the allegedly deficient care.

In light of the foregoing, it is **RECOMMENDED** that plaintiff's claims against Head Nurse Marie Law be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. *Remaining Defendants*

Although certain aspects of plaintiff's claims against defendant Officers Beasley, Lewis, and Michelle are unclear and plaintiff's ability to prevail upon the merits is by no means certain, the Court cannot conclude that plaintiff's claims against these defendants are frivolous at this juncture. Accordingly, it is hereby **ORDERED** that service be issued against these three defendants.

### V. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendant Officers Beasley, Lewis, and Michelle. The undersigned **RECOMMENDS** that plaintiff's claims against Head Nurse Marie Law be **DISMISSED** and that she be **TERMINATED** as a defendant herein.

**SO RECOMMENDED**, this 2nd day of December, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE