IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAKE WAYNE BRUNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| VS. | : | 7 : 08-CV-132 (HL) |
| | : | |
| Officer BEASLEY, Officer LEWIS, and Officer MICHELLE, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Defendants Beasley, Lewis, and Michelle were ordered served on December 2, 2008. (Doc. 7). Service of the complaint and waiver forms was attempted by mail on December 3, 2008, using the addresses provided by the Plaintiff for the Defendants at the Colquitt County Jail. (Docs. 9, 10, 11). Personal service was initiated for these Defendants on February 11, 2009. However, in a letter dated January 27, 2009 to the U.S. Marshal's Service, docketed in this case on February 13, 2009, the attorney for Colquitt County informed the U.S. Marshal's Service that no officers named Michelle, Beasley or Lewis were employed by the Colquitt County Sheriff's Department. (Doc. 21). Plaintiff sought the help of the U.S. Marshal's Service in locating these Defendants in a letter docketed on March 25, 2009. (Doc. 23). Defendants have never been served, and no Answer has ever been filed by the Defendants.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

>       plaintiff shows good cause for the failure, the court must extend the
>       time for service for an appropriate period.

On July 16, 2009, U.S. Magistrate Judge Richard Hodge notified the Plaintiff that this action was subject to dismissal and directed him to show cause as to why this action should not be dismissed pursuant to Rule 4(m) due to lack of service. (Doc. 25). Alternatively, the Plaintiff was instructed to provide a current address for the Defendants in order to maintain his claims against them. *Id*. In response to this directive, the Plaintiff states that he is incarcerated, has written to multiple officials seeking addresses for the Defendants, and has exhausted his resources in attempting to locate these individuals. (Doc. 26).

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991). The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2007 WL 4500395 *2 (S.D.Fla., Sept. 30, 2008); *Madison v. BP Oil, Co.,* 928 F. Supp. 1132, 1137 (S.D.Ala. 1996). In general, good cause is found to exist only when some "outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to establish good cause for his failure to provide the court with valid current addresses for the Defendants so that service might be perfected. The Plaintiff has failed to establish a reasonable basis, beyond inadvertence or negligence, for noncompliance with Rule 4(m). *Accord Zachery v. Thigpen,* 895 F. Supp. 1472, 1477 (M.D.Al. 1995). The Court notes that neither absence of prejudice alone, inadvertent error,

nor ignorance of the rule governing service will excuse a litigant's failure to effect timely service.  *Madison*, 928 F. Supp. at 1137.

The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, if special circumstances or the facts of the case at issue warrant an extension.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (service period could be extended when action could not be refiled due to the running of the statute of limitations, and defendant had notice of the suit and had been properly served); *Lepone-Dempsey*, 476 F.3d at 1282 (even if good cause not shown, courts should consider special factors such as running of the statute of limitations or defendant's evasion of service in deciding whether to extend service period); *Fellner v. Cameron*, 2011 WL 4382086 (M.D.Fla., Sept. 30, 2011) (court has discretion to extend time for service of process in absence of good cause showing).  However, as the 120-day period for service herein has long been expired and no addresses have been provided for the named Defendants, the Court finds that no special factor warrants a reopening and extension of the service period herein.

Inasmuch as the Plaintiff has failed to establish cause as to why this matter should proceed against the named Defendants and further has failed to provide current addresses for these Defendants, it is the recommendation of the undersigned that this matter be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 24th day of October, 2011.

s/  ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE